IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 22-299 |
| | ) | |
| CESAR JAVIER CHOURIO MORANTE | ) | |

**<u>DEFENDANT CESAR MORANTE'S SENTENCING MEMORANDUM</u>**

Defendant Cesar Javier Chourio Morante files through counsel this Sentencing Memorandum and states:

**Summary**

For the reasons set forth herein and any other factors deemed applicable by this Court, Mr. Morante requests that this Court impose a sentence of no more than 30 months.

**Discussion of 18 U.S.C. § 3553(a) factors**

**§ 3553(a)(1) - The Offense & the History and Characteristics of the Defendant.**

By now this Court is well aware, through this and related cases, of the offenses involved and Mr. Morante's role. The Offense Conduct portion fo the Pre-Sentence Investigation Report sets forth the relevant facts as well. Those facts will not be repeated here.

Cesar Javier Chourio Morante is 28 years old. He is a native of Venezuela. He was arrested in Panama in August, 2023 and extradited to this country to face the charges in this case. He lived in Venezuela with his family (parents and three brothers) until he was 19, when he moved to Panama. In Venezuela he lived in a dangerous neighborhood, but fortunately was spared any serious violence. He comes from an intact family, with a father who was a harsh disciplinarian. Mr. Morante is single and has no children.

While in Panama, Mr. Morante would return to Venezuela from time to time, with occasional trips to Columbia. His trips to Columbia led to his obtaining Columbian citizenship. While the Presentence Investigation Report describes his status as an illegal alien, that is a misnomer, since he is in this country as a guest of the federal government. Nevertheless, he is subject to an active warrant from Immigration and Customs Enforcement and expects to be deported as soon as his incarceration ends.

Letters in support of Mr. Morante have been received by counsel and filed separately with this Court.

**§ 3553(a)(2) factors - Seriousness of offense, adequate deterrence, protecting the public.**

The advisory guidelines range of 63 to 78 months establishes the seriousness of the offense. Since Mr. Morante is subject to an ICE detainer, his being deported will at the least deter him from any future criminal behavior in this country as well as protecting the public from any further criminal behavior on his part. Given that Mr. Morante is sure to be deported, the remaining factors under § 3553(a)(2) do not merit discussion.

**§ 3553(a)(3) & (4) factors - Sentencing considerations**

The offenses of conviction do not carry any mandatory minimum sentences. The advisory guidelines range is accurately calculated. Mr. Morante intends to introduce at sentencing facts pertinent to his case that support a downward variance to 30 months. But it is suggested to this Court that since Mr. Morante can expect to be deported immediately after his incarceration ends, that supervised release is not necessary in this case. For that matter, since he will be deported to somewhere in South or Central America, it is highly unlikely that the United States Probation Office could actually supervise him.

**§ 3553(a)(5) through (6) factors**

Counsel is unaware of any pertinent policy statements or sentencing disparities that exist in this case.

**§ 3553(a)(6) factor - Restitution**

Restitution may be ordered, but to date the government has not provided any information to the defense concerning this issue.

**Conclusion**

For the reasons set forth above as well as any argument to be presented at sentencing. This Court is requested to impose a sentence of thirty (30) months.

Respectfully submitted,

/s/ R. Damien Schorr
R. Damien Schorr
Pa. Id. No. 62928

Counsel for defendant
Cesar Javier Chourio Morante

Dated: June 20, 2025