**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 22-CR-299 |
| | ) | |
| CESAR JAVIER CHOURIO MORANTE, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Cesar Chourio Morante was sentenced to 48 months imprisonment and to pay restitution in the amount of $522,350 on July 18, 2025. ECF 94. Mr. Morante's sentence followed after he pled guilty to conspiracy to commit wire fraud under 18 U.S.C. § 1349 and conspiracy to commit money laundering under 18 U.S.C. § 1956(h). *Id.* Mr. Morante now moves to vacate his sentence under 28 U.S.C. § 2255, arguing that his counsel provided ineffective assistance in violation of Mr. Morante's constitutional rights. ECF 96 at 6.

Mr. Morante offers eight reasons for why his counsel was constitutionally inadequate. *Id.* These reasons include his counsel requesting no supervised release, his counsel "fail[ing] to secure a § 5K1.1 motion" for cooperation, and his counsel failing to make arguments for a lower sentence. *Id.* at 6–13. Mr. Morante does not argue that he would not have pled guilty but for this alleged ineffective assistance. Having considered all the arguments, the Court will deny Mr. Morante's motion to vacate his sentence.

Mr. Morante's constitutional rights were not violated here. An ineffective-assistance-of-counsel claim has two components. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, Mr. Morante must show that his "counsel's performance was deficient." *Id.* Counsel's performance is only deficient when "representation [falls] below an objective standard of reasonableness." *Id.* Second, Mr. Morante must show "that the deficient performance prejudiced the defendant." *Id.* "The defendant must

show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Mr. Morante hasn't proved either prong.

Mr. Morante hasn't shown that his counsel's performance was "deficient." The standard isn't whether a different attorney could have made better arguments or secured a better plea agreement, as Mr. Morante argues. The standard is whether "representation fell below an objective standard of reasonableness." *See id.* at 687. The Court presided over Mr. Morante's case and finds that Mr. Morante's representation didn't fall below an objective standard of reasonableness. The Court verified with Mr. Morante that: (1) there was a factual basis for the charges; (2) Mr. Morante was competent to enter a plea of guilty; (3) Mr. Morante voluntarily entered into his plea agreement with the government; and (4) Mr. Morante understood the constitutional rights that Mr. Morante was waiving when he pled guilty. The Court found Mr. Morante's counsel's arguments and representations to be objectively reasonable given the facts and Mr. Morante's voluntary desire to plead guilty.[1] The Court further finds that the arguments made (and not made) by counsel during sentencing all reflected objectively reasonable performance. And because counsel's performance was not deficient, Mr. Morante could not have been "prejudiced" under the second *Strickland* prong.

**\*\*\*\*\***

In sum, Mr. Morante did not suffer from an ineffective assistance of counsel in violation of his constitutional rights. **AND NOW**, this 25th day of March, 2026, it is hereby **ORDERED** that Mr. Morante's motion to reduce his sentence under 28 U.S.C § 2255 (ECF 96) is **DENIED**.

---

[1] One of Mr. Morante's complaints is that his counsel didn't pursue a Section 5K1.1 motion. Even if that were grounds for deficient representation (which it isn't here), the Court would note that it expressly considered Mr. Morante's cooperation when rendering an appropriate sentence.

As a final matter, the Court also **ORDERS** that a certificate of appealability shall not issue here because no reasonable jurist would dispute or debate this Court's ruling.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge

cc:
Cesar Javier Chourio Morante
BOP No. 75577-510
FCI Fort Dix
P.O. Box 2000
Joint Base MDL, NJ 08640